**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 23 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DORA DEL CARMEN AGUILAR-SANTA MARIA; et al., | No.    19-72698 |
| Petitioners, | Agency Nos.    A209-286-315 |
| | A209-286-317 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 19, 2021**

Before:    SCHROEDER, SILVERMAN, AND MURGUIA, Circuit Judges.

Dora Del Carmen Aguilar-Santa Maria and her son, natives and citizens of

El Salvador, petition for review of the Board of Immigration Appeals' ("BIA")

order dismissing their appeal from an immigration judge's decision denying their

application for asylum and withholding of removal.  We have jurisdiction under

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014). We review de novo questions of law. *Bhattarai v. Lynch*, 835 F.3d 1037, 1042 (9th Cir. 2016). We grant the petition for review, and we remand.

In its analysis of whether past harm rises to the level of persecution, it appears the agency failed to cumulatively consider the harm to Aguilar-Santa Maria, her father, and her cousin, which Aguilar-Santa Maria testified to having occurred on the shared basis of their family membership. This was error. *See Wakkary v. Holder*, 558 F.3d 1049, 1060 (9th Cir. 2009) ("harm to a petitioner's close relatives, friends, or associates may contribute to a successful showing of past persecution" if the harm was "'part of a pattern of persecution closely tied to' [the petitioner] himself" (citation omitted)); *see also Parada v. Sessions*, 902 F.3d 901, 909-10 (9th Cir. 2018) (concluding the rise to the level determination was not supported where, in part, the agency mischaracterized the harm suffered by petitioner's family members); *Salazar-Paucar v. INS*, 281 F.3d 1069, 1075 (9th Cir.2002) ("[E]vidence of harm to Petitioner's family supports a finding of past persecution."). We therefore grant the petition for review as to petitioners' asylum and withholding of removal claims, and remand to the agency for further proceedings consistent with this disposition. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

Petitioners' removal is stayed pending a decision by the BIA.

The government shall bear the costs for this petition for review.

**PETITION FOR REVIEW GRANTED; REMANDED.**